UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIKKA CHASTAIN, ) | |
| ) | |
| Plaintiff, ) | 2:12-CV-1790-LRH-CWH |
| ) | |
| v. ) | |
| ) | ORDER |
| NEW ALBERTSONS, INC., ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant New Albertsons, Inc. ("Albertsons") supplement to the petition for removal. Doc. #8.[1]

Plaintiff Erikka Chastain ("Chastain") initiated the present action against Albertsons. On October 11, 2012, Albertsons removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.

On October 29, 2012, the court reviewed the removal petition and held that it was not clear from the complaint that the amount in controversy had been met. Doc. #7. The court granted defendants twenty days to establish the amount in controversy by submitting summary judgment type evidence to the court. *Id*. Thereafter, Albertsons filed the present supplement to its petition for removal. Doc. #8.

---

[1] Refers to the court's docket

Albertsons argues that the amount in controversy has been met because, although Chastain has only suffered roughly $34,000 in medical bills, she has requested lost wages and money for ongoing treatment. *See* Doc. #8. Therefore, Albertsons argues that because Chastain has not concluded treatment, "this matter is anticipated to exceed the minimum threshold of $75,000." *Id*.

The court has reviewed Albertsons' supplement for removal and finds that Albertsons has not established that the amount in controversy has been met. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). However, the mere possibility of future damages, including ongoing medical treatment, is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, Albertsons must present evidence indicating the amount of lost wages and future medical treatment that Chastain seeks will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, Albertsons has failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by either lost wages or ongoing medical treatment requested by Chastain. It has not shown that such an award of damages is a supportable claim in this action, nor has it established that damages related to future medical treatment, if awarded, are more likely than not to exceed the jurisdictional threshold. Thus, Albertsons has failed to meet its burden to prove that the amount in controversy has been met. Accordingly, the matter shall be remanded for lack of jurisdiction.

///
///
///
///
///

1  IT IS THEREFORE ORDERED that the present action, case no. 2:12-cv-1790-LRH-CWH, is REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

IT IS SO ORDERED.

DATED this 27th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE